**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

U.S. ALL STAR FEDERATION, INC.,

                Plaintiff,              CASE NO. _____

v.                               <u>DEMAND FOR A JURY TRIAL</u>

OPEN CHEER & DANCE
CHAMPIONSHIP SERIES, LLC,
THE OPEN CHEER AND DANCE, LLC,
DAVID OWENS, HEIDI WEBER,
JEB HARRIS, DAVID HANBERY,
together d/b/a ALLSTAR WORD
CHAMPIONSHIP/ALLSTAR WORLDS,

                Defendants.

**COMPLAINT WITH INJUNCTIVE RELIEF REQUESTED**

1.      Plaintiff U.S. All Star Federation, Inc. is the sanctioning organization for the sport of Allstar Cheerleading in the U.S. and the producer of the annual Cheerleading Worlds a/k/a Worlds Allstar Cheerleading championship event. Defendants Open Cheer & Dance Championship Series, LLC, Open Cheer & Dance Championship Series, LLC, David Owens, Heidi Weber, Jeb Harris, and David Hanbery have infringed U.S. All Star Federation, Inc.'s trademarks and unfairly competed with U.S. All Star Federation, Inc. through their use of the mark ALLSTAR WORLDS in connection with an Allstar Cheerleading championship event.

# I. **THE PARTIES**

2.     Plaintiff U.S. All Star Federation, Inc. ("USASF") is a Tennessee nonprofit mutual benefit corporation having its principal place of business located at 8275 Tournament Drive Suite 280, Memphis, TN 38125.

3.     Defendant Open Cheer & Dance Championship Series, LLC is a Texas limited liability company.  Its registered agent is listed as Heidi Weber with an address of 2607 Wolflin Avenue #150, Amarillo, TX 79109.   At formation, the Managing Members were listed as Heidi Weber, Jeb Harris, and Kendall Hanbery.  In a Public Information Report filed on December 31, 2020, the list of Members was revised to replace Kendall Hanbery with David Hanbery.   For diversity jurisdiction purposes, upon information and belief, its members are citizens of Oklahoma, Texas, and Mississippi.  The www.theallstarworlds.com website links to the Facebook page for Open Championship Series, www.facebook.com/openchampionshipseries, the Instagram page for the Open Championship Series, www.instagram.com/openchampionshipseries, and the Twitter page for Open Championship Series, www.twitter.com/open_champs.

4.     Defendant The Open Cheer and Dance, LLC is a Florida limited liability company with its principal place of business at 735 Sandpiper Place, Miramar Beach, FL 32550.  Its registered agent is listed as Lady K. Hanbery with an address of 235 Sandpiper Place, Miramar Beach, FL 32550.  According to public records filed with the Florida Secretary of State Division of Corporations, its managing member is David Owens.  Its remaining membership is not known, but upon information and belief, its

members are some combination of Heidi Weber, Jeb Harris, Kendall Hanbery, David Hanbery, and/or David Owens.  For diversity jurisdiction purposes, upon information and belief, none of these persons are citizens of Tennessee.

5.     Defendant David Owens is an individual residing at 1312 NW 189th Street, Edmond, OK 73012.   A video posted at https://theallstarworlds.com/bid-recipients/ characterizes Defendant Owens as the "Director of Events" for the ALLSTAR WORLDS competition.   Defendant Owens also submitted a federal trademark application for the mark WORLD ALL-STAR LEAGUE on an intent-to-use basis.   U.S. Trademark App. Serial No. 90/383,608.   Mr. Owens owns and operates an event producer company, Rockstar Championships LLC, which was a USASF member as recently as the 2019-2020 Allstar cheer season.

6.     Defendant Heidi Weber is an individual residing at 4701 W. Dallas Street S., Broken Arrow, OK 74012.   Ms. Weber is the registered agent for Open Cheer & Dance Championship Series, LLC.   Ms. Weber owns and operates an event producer company, Celebrity Cheer & Dance Championships, which was a USASF member as recently as the 2019-2020 Allstar cheer season.

7.     Defendant Jeb Harris is an individual residing at 5810 S. Bonham Street, Amarillo, TX 79118.   Mr. Harris owns an Allstar gym, Cheer Texas, which is a member of USASF, along with many (if not all) of its coaches and athletes. Mr. Harris also owns and operates an event producer company, Redline Cheer & Dance Company, which was a USASF member as recently as the 2020-2021 Allstar cheer season.   Upon information and belief, Mr. Harris also owns and operates a company

3

called eCheer Events.  As shown in **Exhibit F**, Mr. Harris' eCheer Events company is producing multiple virtual events awarding bids[1] to Defendants' ALLSTAR WORLDS competition, which upon information and belief include athletes, teams, and/or the athletes' and teams' parents located in the Middle District of Florida at the time of payment and/or attendance.

8.      Defendant David Hanbery is an individual residing at 344 Long Cove Drive, Madison, MS 39110.  Mr. Hanbery owns and operates two event producer companies which are current members of USASF, East Coast Championships and Deep South Spirit.  As shown in **Exhibit F**, Mr. Hanbery's Deep South Spirit company is producing an event awarding bids to Defendants' ALLSTAR WORLDS competition in Orlando, Florida on February 27, 2022 and Mr. Hanbery's East Coast Championships company is producing events, which award bids to Defendants' ALLSTAR WORLDS competition.

9.      Upon information and belief, Defendants Owens, Weber, Harris, and Hanbery began using the mark ALLSTAR WORLDS and variations of the same at least as early as 2021 in connection with an event held by them in their individual capacities in collaboration with the corporate Defendants Open Cheer & Dance Championship Series, LLC and The Open Cheer and Dance, LLC.

---

[1] "Bids" are invitations to participate in a season-end championship competition, such as Defendants' ALLSTAR WORLDS event.  Bids are typically earned by successfully competing in particular competitions during the Allstar Cheerleading season.

## II. JURISDICTION AND VENUE

10.     This is an action against Defendants for trademark infringement arising under the Lanham Act.

11.     This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121, as it involves federal trademark law under the Lanham Act; under 28 U.S.C. § 1338(a), as it is a civil action arising under an Act of Congress relating to trademarks; under 28 U.S.C. § 1331, as it involves a federal question; and under 28 U.S.C. § 1332, as the action is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00.

12.     This Court has personal jurisdiction over Defendants based upon Defendants' offering to sell and/or selling their goods and services in the State of Florida, based upon Defendants' transaction of business in the State of Florida, and Defendants' sufficient minimum contacts with the State of Florida.  Defendants' have sold and currently sell cheerleading competition services under the ALLSTAR WORLDS Mark to consumers in Florida, and Defendants' ALLSTAR WORLDS event is held in Orlando, Florida.

13.     Venue is proper in this District under 28 U.S.C. § 1391.

## III. THE CONTROVERSY

### A.     USASF'S TRADEMARKS

14.     Since at least as early as April 24, 2004, USASF has been and continues to be engaged in the business of producing and conducting a season-end cheerleading

competition under the mark THE CHEERLEADING WORLDS, where the top competitive cheerleading teams are invited to compete for a national or world title in the sport.  This event is held each April, at the conclusion of the October-April Allstar Cheer season, at Disney's ESPN Wide World of Sports in Orlando, Florida.[2]

15.     Beginning with just 14 teams in 2004, USASF's THE CHEERLEADING WORLDS event has grown to include more than 500 teams each year, consisting of more than 10,500 athletes from 25 countries.

16.     USASF is also the owner of the federal trademark registration THE CHEERLEADING WORLDS, U.S. Trademark Reg. No. 2,999,331, for use in connection with "conducting cheerleading competitions," which issued on September 20, 2005 on the Supplemental Register.  Attached as **Exhibit A** is a true and correct copy of U.S. Trademark Reg. No. 2,999,331, together with the assignment reflecting USASF's ownership of this registration.

17.     In addition to its trademark registration for THE CHEERLEADING WORLDS, USASF is also the owner of the common law trademark WORLDS in connection with conducting cheerleading competitions. USASF uses the WORLDS mark throughout its website www.thecheerleadingworlds.net.  Exemplar screenshots

---

[2] USASF also is engaged in the business of producing and conducting a season-end dance competition under the mark THE DANCE WORLDS and holds a federal trademark registration for the stylized mark .  U.S. Trademark Reg. No. 3,494,984.

and printouts showing USASF's use of the WORLDS mark on www.thecheerleadingworlds.net are attached hereto as **Exhibit B**.

18.    USASF, athletes, parents, coaches, gym owners and personnel, and event producers all commonly refer to USASF's event under the WORLDS mark. *See, e.g. Denver Chem. Mfg. Co. v. Lilley*, 216 F. 869, 870-71 (8th Cir. 1914) (recognizing trademark rights and nicknames given by the general public); *Nat'l Cable Television Ass'n., Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572 (Fed. Cir. 1991) (public use of nicknames of trademarks inures to the trademark owner's benefit).

19.    USASF has also filed additional trademark applications, including the following:

| Application No. | Trademark | Goods/Services |
|---|---|---|
| 90/830,965 | THE CHEERLEADING WORLDS | conducting cheerleading competitions |
| 90/831,007 |  | conducting cheerleading competitions |

20.    USASF's federally-registered and common law marks are collectively referred to herein as USASF's "WORLDS Trademarks."

21.    For over seventeen years, USASF has been using its WORLDS Trademarks to advertise and sell its cheerleading competition services, and is the owner of state and federal common law and federal statutory trademark rights for its

WORLDS Trademarks for cheerleading competitions and related goods and services, including in the sport of Allstar Cheer.

22.   USASF and others in the Allstar Cheer sport utilize multiple Instagram hashtags incorporating the WORLDS Trademarks, such as #RoadtoWorlds, #USASFworlds, #cheerleadingworlds, and #cheerworlds, all of which are associated with USASF and its WORLDS Allstar cheerleading competition.

23.   In addition, USASF has several Instagram accounts incorporating the WORLDS Trademarks, including @allstarworldscheer, which was registered in 2014.

24.   USASF has been using the WORLDS Trademarks in a prominent and distinctive manner in interstate commerce so as to distinguish the source of its products from those of others, and has spent significant effort and sums of money in advertising and otherwise promoting the sale of its services under the WORLDS Trademarks in the State of Florida, around the United States, and internationally.  Countless athletes have competed for an invitation to compete (called a "bid") at USASF's WORLDS Allstar cheerleading championship, and tens of thousands of athletes, parents, and Allstar personnel have attended and participated in USASF's WORLDS championship event.

25.   As a result of USASF long and exclusive use of its WORLDS Trademarks, the large number of sales under the WORLDS Trademarks, and the large amount of money spent or foregone for advertising and promotion of the services sold under the WORLDS Trademarks, the WORLDS Trademarks have acquired distinctiveness and have become, through widespread and favorable public acceptance

and recognition, an exclusive asset of substantial value as a symbol of USASF, its quality of services, and its goodwill.

26.     Due to USASF's use and promotion, the trade and purchasing public has come to know and recognize USASF's WORLDS Trademarks as a designation identifying USASF as the source of the season-end Allstar cheerleading championship competition.   Accordingly, USASF's WORLDS Trademarks have developed and represent valuable goodwill which rightfully belongs exclusively to USASF.

**B.     DEFENDANTS' INFRINGING ACTIVITIES**

27.     Long after USASF first started using the WORLDS Trademarks for its Allstar cheerleading and dance competitions, Defendants began using the mark ALLSTAR WORLDS in connection with the advertisement and sale of their own season-end cheerleading competition.   Defendants' ALLSTAR WORLDS cheerleading competition is, like USASF's WORLDS competition, an invitation-only event held in April in Orlando, Florida.  Defendants advertise and promote their event at the domain name www.theallstarworlds.com.



29.     As shown in the screenshot below, Defendants have posted a video at https://www.facebook.com/watch/live/?ref=watch_permalink&v=1861963040633027 advertising their cheerleading competition services under the ALLSTAR WORLDS, wherein the stylized ALLSTAR WORLD CHAMPIONSHIP mark can be seen in the background, with only the word "WORLD" legible:



In this video, which has approximately 2,500 views, the emcee refers to the event as "ALLSTAR WORLDS."

30.     Defendant Open Cheer & Dance Championship Series, LLC has also

applied for a federal registration of the stylized mark   in connection with "organizing sporting events, namely, dance and cheerleading competitions; organizing, conducting and operating dance and cheerleading tournaments," where

the word "WORLD" is similarly set off from the rest of the mark through its placement in the center of the mark, in larger font, and in black outline.  *See* U.S. Trademark App. Serial No. 90/127,057.

31.    The ALLSTAR WORLDS mark is confusingly similar to USASF's well-known word mark WORLDS in sound, appearance, and connotation.  Indeed, both marks contain the dominant word "WORLDS" and are used in connection with season-end Allstar cheerleading championship events held in April in Orlando, Florida.  Defendants have merely added the word "ALLSTAR" before "WORLDS," which is merely descriptive of the sport Allstar Cheer, and does nothing to distinguish Defendants' services from USASF's.

32.    In addition, Defendants' ALLSTAR WORLD CHAMPIONSHIP (and Design) mark is confusingly similar to USASF's well-known WORLDS Trademarks in sound, appearance, and connotation.  The word WORLD is the most dominant portion of both parties' marks, and both are used in connection with season-end Allstar cheerleading championship events held in April in Orlando, Florida.  The addition of the descriptive words "Allstar" and "Championship" in Defendants' mark—in smaller, hard-to-read print in the stylized form of Defendants' mark—does nothing to distinguish Defendants' services from USASF's.

33.    The   ALLSTAR   WORLDS   and   ALLSTAR   WORLD CHAMPIONSHIP (and Design) marks are being used in connection with a season-end Allstar cheerleading championship competition and are promoted through the same channels of trade for sale to, and use by, the same class of purchasers for

USASF's Allstar cheerleading championship advertised and sold under USASF's WORLDS Trademarks.  Attached hereto as **Exhibit C** is a true and correct printout from Defendants' website displaying the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks in connection with a cheerleading championship for purchase by consumers in the Middle District of Florida.  Attached as **Exhibit D** is a true and correct copy of an information sheet for teams and coaches, available on Defendants' www.theallstarworlds.com website, displaying the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks in connection with a cheerleading championship for purchase by consumers in the Middle District of Florida.  Attached as **Exhibit E** are true and correct copies of screenshots from the social media pages of Open Championship Series, which display additional uses of the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks.

34.     In addition, attached hereto as **Exhibit F** is a true and correct copy of the excerpts from the list of "Bid Events" from Defendants' websites showing the events eligible to award bids to Defendants' ALLSTAR WORLDS/ALLSTAR WORLD CHAMPIONSHIP Allstar cheerleading championship event.  A number of these events take place in Florida, including in the Middle District of Florida.  For example, the December 4, 2021 The Season Showcase took place in Lakeland, Florida, and another event is scheduled to occur on March 26, 2022 in Lakeland, Florida.  There are numerous events scheduled to occur within this District: on January 15, 2022 in

Fort Myers; on January 29-30, 2022, February 5-6, February 12, February 18-20, February 27, March 6, and April 1-3 in Orlando; on January 22 and February 5, 2022 in Kissimmee; on February 26 and March 19, 2022 in Tampa; and February 6, 2022 in Jacksonville.   Additional events are stated to take place virtually, and upon information and belief, include athletes, teams, and/or parents located in the Middle District of Florida at the time of payment and/or attendance.  Further, the ALLSTAR WORLDS championship event is scheduled to be held on April 21-23, 2022 in Orlando, Florida.

35.   Defendants' use of the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks, and variants thereof, is likely to cause consumer confusion as to the source of Defendants' season-end Allstar cheerleading championship competition or to cause consumers to be mistaken or deceived as to the origin, affiliation, connection, or association of Defendants with USASF, or as to USASF's sponsorship or approval of Defendants ALLSTAR WORLDS/ALLSTAR WORLD CHAMPIONSHIP Allstar cheerleading championship event and commercial activity.

36.   Defendants are longtime members of the Allstar cheerleading community and knew or should have known of USASF's prior use of its WORLDS Trademarks in the Allstar cheerleading championship event industry before it entered the market.  Upon information and belief, Defendants deliberately selected the marks ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) in an effort to trade on USASF's goodwill associated with its WORLDS Trademark and

in an effort to deceive consumers into attending Defendants' Allstar cheerleading championship event.

### IV. CAUSES OF ACTION

### COUNT I
### INFRINGEMENT OF A FEDERALLY-REGISTERED TRADEMARK

37.     USASF incorporates and realleges the foregoing paragraphs as if fully set forth herein.

38.     Defendants' have infringed and continue to infringe USASF's federally-registered THE CHEERLEADING WORLDS trademark in interstate commerce by various acts, including, without limitation, offering for cheerleading competition services under the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks, and variants thereof, which are confusingly similar to USASF's federally-registered THE CHEERLEADING WORLDS trademark.

39.     Defendants' use of the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks for their cheerleading competition event is without USASF's permission or authority and is likely to cause confusion, to cause mistake and/or to deceive the purchasing public and also constitutes initial interest confusion.

40.     Defendants' use of the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks has been made notwithstanding USASF's well-known and prior established rights in the THE CHEERLEADING WORLDS

4886-4307-8406v7

trademark and with constructive notice of USASF's federal registration rights under 15 U.S.C. § 1072.

41.     Defendants' conduct constitutes infringement of the federally-registered THE CHEERLEADING WORLDS trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42.     Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to USASF's business, reputation, and good will in the federally-registered THE CHEERLEADING WORLDS trademark, for which USASF has no adequate remedy at law.

## COUNT II
## INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125

43.     USASF incorporates and realleges the foregoing paragraphs 1 through 36 as if fully set forth herein.

44.     Defendants' have infringed USASF's common law WORLDS Trademarks in interstate commerce by various acts, including, without limitation, offering for cheerleading competition services under the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks, and variants thereof, which are confusingly similar to USASF's common law WORLDS Trademarks.

45.     Defendants' use of the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks for their cheerleading competition event is without USASF's permission or authority and are likely to cause confusion, to cause

mistake and/or to deceive the purchasing public and also constitute initial interest confusion.

46.    Defendants' uses of the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks for their cheerleading competition event has been made notwithstanding USASF's well-known and prior established rights in the WORLDS Trademarks.

47.    Defendants' conduct constitutes infringement of USASF's common law WORLDS Trademarks in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

48.    Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to USASF's business, reputation, and good will in the common law WORLDS Trademarks, for which USASF has no adequate remedy at law.

## COUNT III
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT

49.    USASF incorporates and realleges the foregoing paragraphs 1 through 35 as if fully set forth herein.

50.    This count arises under the Florida common law of trademark infringement.

51.    USASF is the owner of the common law rights in the WORLDS Trademarks, which are well-known, distinctive, and recognized as denoting high quality cheerleading championship competitions to the purchasing public throughout

Florida and the United States.  Due to such reputation and public awareness, USASF has established valuable goodwill in connection with its common law WORLDS Trademarks.

52.   Defendants' adoption and the use of the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks for their cheerleading competition event, which are confusingly similar to USASF's WORLDS Trademarks, is likely to cause confusion, to cause mistake and/or to deceive the purchasing public into associating Defendants' event with USASF, and also constitute initial interest confusion.

53.   Defendants' conduct constitutes infringement of USASF's common law WORLDS Trademarks in violation of Florida law.

54.   Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to USASF's business, reputation, and good will in the common law WORLDS Trademarks, for which USASF has no adequate remedy at law.

## COUNT IV
## FLORIDA COMMON LAW UNFAIR COMPETITION

55.   USASF incorporates and realleges the foregoing paragraphs 1 through 36 as if fully set forth herein.

56.   As alleged above, Defendants are engaging in unlawful and improper practices that violate federal and state law and their unauthorized use of their

ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks has been willful and is intended to, and did, confuse and deceive the public.

57.   Such actions unfairly render USASF, as an honest law-abiding competitor in producing season-end cheerleading championships, at a significant competitive disadvantage.

58.   Defendants' conduct is contrary to honest practice in commercial matters and is likely to confuse or deceive the public.

59.   Defendants' conduct constitutes unfair competition in violation of Florida law.

60.   As a result of Defendants' illegal actions, Defendants have confused the public and have substantially hurt USASF's ability to compete in the season-end cheerleading championship market.

61.   Defendants' actions are willful, malicious, deceptive, and fraudulent.

62.   As a direct and proximate result of Defendants' unfair business practices, USASF has suffered and continues to suffer substantial monetary and monetary harm, including actual damages from lost business, damage to its reputation, and loss of goodwill.  USASF is entitled to all available remedies, including its actual damages, injunctive relief, Defendants' profits, and costs.  USASF is further entitled to punitive damages for Defendants' willful and intentional unfair competition.

4886-4307-8406v7

## COUNT V
## FLORIDA CIVIL CONSPIRACY

63.     USASF incorporates and realleges the foregoing paragraphs 1 through 36 as if fully set forth herein.

64.     Each of the Defendants, in a concerted action, conspired to unlawfully infringe USASF's rights in its WORLDS Trademarks by adopting and using a confusingly similar trademark and logo.

65.     Defendants jointly agreed, conspired, and acted in concert to profit from the unlawful use of USASF's brand and consumer goodwill to deliberately mislead consumers to believe Defendants' ALLSTAR WORLDS event is affiliated with, approved by, or sponsored by USASF and/or to cause initial interest confusion.

66.     In furtherance of Defendants' conspiracy, each of the Defendants, directly or through their officers and employees, adopted and used the ALLSTAR WORLDS and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks, which were intended to purposefully confuse and mislead consumers into believing Defendants' event is affiliated with or endorsed by USASF.

67.     Defendants' unlawful conduct is neither justified nor privileged.

68.     As a direct and proximate result of the civil conspiracy by Defendants, USASF has suffered substantial monetary and non-monetary harm, including actual damages, damage to its reputation, and loss of goodwill.

69.     USASF is entitled to all available remedies, including its actual damages, injunctive relief, Defendants' profits, enhanced damages, and costs.  USASF is further

entitled to punitive damages for Defendants' willful and intentional unfair competition.

## V. **PRAYER FOR RELIEF**

WHEREFORE, USASF requests a judgment as follows:

1.     That Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, be preliminary and permanently enjoined and restrained:

      a.     from using the ALLSTAR WORLDS, ALLSTAR WORLD, and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks for their cheerleading competition event and related goods and services, or any other designation or trademark likely to cause confusion with USASF's WORLDS Trademarks;

      b.     from otherwise infringing upon USASF's rights in and to the WORLDS Trademarks and from otherwise unfairly competing with USASF in any manner whatsoever; and

      c.     from selling cheerleading competition services or related goods or services under the ALLSTAR WORLDS, ALLSTAR WORLD, and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks or any other designation likely to cause confusion with the WORLDS Trademarks.

2.     That, pursuant to 15 U.S.C. § 1118, Defendants, their officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendants, be ordered to deliver up for destruction any goods, labels, signs, prints, packages, wrappers, receptacles, and advertisement bearing the ALLSTAR WORLDS, ALLSTAR WORLD, and ALLSTAR WORLD CHAMPIONSHIP (and

4886-4307-8406v7

Design) marks, or any designation or mark likely to cause confusion with USASF's WORLDS Trademarks.

3.     That Defendants be directed to file with the Court and serve on USASF, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

4.     That the Court adjudge and decree that Defendants' infringing use of the ALLSTAR WORLDS, ALLSTAR WORLD, and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks is in violation of 15 U.S.C. § 1114.

5.     That the Court adjudge and decree that Defendants' infringing use of the ALLSTAR WORLDS, ALLSTAR WORLD, and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks is in violation of 15 U.S.C. § 1125.

6.     That the Court adjudge and decree that Defendants' infringing use of the ALLSTAR WORLDS, ALLSTAR WORLD, and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks is in violation of Florida law.

7.     That the Court adjudge and decree that a likelihood of confusion exists between the WORLDS Trademarks and Defendants' infringing ALLSTAR WORLDS, ALLSTAR WORLD, and ALLSTAR WORLD CHAMPIONSHIP (and Design) marks.

8.     That the Court require a full and complete accounting of all monies received by Defendants as a result of the wrongful conduct, together with an order transferring to USASF any amounts found to be due to Defendants.

9.     That USASF be awarded Defendants' profits or USASF's damages from lost sales after an accounting, and that such award be increased as permitted, including being trebled as provided under 15 U.S.C. § 1117.

10.     That USASF be awarded its costs and attorneys' fees from Defendants, including as provided by 15 U.S.C. § 1117.

11.     That USASF be awarded punitive damages in connection with Defendants' willful and intentional unfair competition.

12.     That the Court award pre- and post-judgment interest on all monies found to be due to USASF from Defendants, at the then prevailing or legal rate, whichever is greater, from the date said amounts or any part thereof became or become due.

13.     That the Court require Defendants to notify its customers, clients, and associates of said Court Order.

14.     That USASF be awarded such other and further relief as this Court may deem just and proper.

## VI. <u>JURY DEMAND</u>

USASF hereby demands a trial by jury for all issues so triable.

Dated: December 21, 2021

                              Respectfully submitted,

                              /s/ Marisa R. Dorough
                              Grady M. Garrison (Lead Counsel)
                              *Pro hac vice* application forthcoming
                              ggarrison@bakerdonelson.com
                              Nicole D. Berkowitz

22

*Pro hac vice* application forthcoming
nberkowitz@bakerdonelson.com
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, PC
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, Tennessee  38103
Telephone: 901.577.2000
Facsimile: 901.577.2303

Marisa Rosen Dorough
Florida Bar No. 73152
mdorough@bakerdonelson.com
200 South Orange Avenue, Suite 2900
Post Office Box 1549
Orlando, Florida 32801
Telephone: 407.422.6600
Facsimile: 407.841.0325

*Attorneys for Plaintiff U.S. All Star Federation,
Inc.*