# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**U.S. ALL STAR FEDERATION, INC.,**

        **Plaintiff,**

v.                                                **Case No: 6:21-cv-2135-WWB-DCI**

**OPEN CHEER & DANCE CHAMPIONSHIP SERIES, LLC, THE OPEN CHEER AND DANCE, LLC, DAVID OWENS, HEIDI WEBER, JEB HARRIS and DAVID HANBERY,**

        **Defendants,**

v.

**VARSITY SPIRIT, LLC**

        **Counterclaim Defendant.**

## ORDER

This cause comes before the Court for consideration with oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | Counterclaim Plaintiffs' Motion for Leave to File Amended Answer to Incorporate Counterclaim (Doc. 78) |
| **FILED:** | October 3, 2022 |
| **MOTION:** | Counterclaim Defendant Varsity Spirit, LLC's Renewed Motion for Stay of Discovery Pending Resolution of Motion to Dismiss and for a Temporary Stay (Doc. 82) |
| **FILED:** | November 2, 2022 |

**THEREON** it is **ORDERED** that Plaintiffs' Motion for Leave to Amend (Doc. 78) is **DENIED**, and Defendant Varsity Spirit's Renewed Motion to Stay (Doc. 82) is **GRANTED in part**.

I.  **Background**

Plaintiff filed an Amended Complaint alleging that Defendants infringed its trademarks and engaged in unfair competition using a mark and stylized mark in connection with a cheerleading event. Doc. 36. Defendants filed an Answer and Counterclaims against Plaintiff, and then Defendants filed a stand-alone Amended Counterclaims in which they alleged that Plaintiff and Varsity Spirit, LLC (Varsity) violated the Sherman Antitrust Act, Clayton Act, and Florida Antitrust Act by using a membership agreement to create an illegal group boycott. Docs. 39; 45.

On July 7, 2022, Plaintiff and Varsity both filed motions to dismiss the Amended Counterclaims. Docs. 60, 61. On the same day, Plaintiff and Varsity moved to stay discovery pending the resolution of the motions to dismiss. The undersigned conducted a hearing, heard argument, and denied the motion to stay without prejudice. Doc. 77.

Now before the undersigned is Varsity's Renewed Motion to Stay Discovery Pending Resolution of Motion to Dismiss and For a Temporary Stay. Doc. 82 (the Renewed Motion to Stay). Varsity filed a separate request for oral argument (Doc. 83) and Defendants have filed a response in opposition to the Renewed Motion to Stay. Doc. 84 (the Response). Also pending before the Court is Defendants' Motion for Leave to File an Amended Answer to Incorporate Counterclaim. Doc. 78 (Motion for Leave to Amend). Defendants request leave to file an amended pleading to incorporate Defendant's "already-filed First Amended Counterclaim (Doc. 45), which included an additional party, [Varsity], as a counterclaim defendant." *Id*. at 1. Plaintiff and Varsity filed a response in opposition. Doc. 79. On December 14, 2022, the undersigned conducted a hearing and heard argument on Motion for Leave to Amend and the Renewed Motion to Stay. Doc. 98.

## II.     Discussion

### A.  Motion for Leave to Amend

As stated at the hearing, Defendants' Motion for Leave to Amend is due to be denied. On March 16, 2022, the Court entered its Case Management and Scheduling Order (CMSO) setting April 1, 2022, as the deadline to file motions to add parties or to amend pleadings. Doc. 33. Yet Defendants did not file their Motion for Leave to Amend until October 3, 2022. Docs. 78. "[W]hen a motion to amend is filed after a scheduling order deadline, [Federal] rule [of Civil Procedure] 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). Rule 16 provides that a case management and scheduling order "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note; citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")).

Here, Defendants neither filed their motion to amend the pleading and add a party within the time provided by the CMSO, nor did they move to extend the deadline before it expired. Instead, Defendants waited six months after the relevant deadline to file the Motion for Leave to Amend; that delay does not demonstrate diligence. The undersigned acknowledges that there was a narrow window between the entry of the CMSO and the April 1, 2022 deadline,[1] but Defendants could have moved for an extension within the CMSO's timeframe and chose not to do so.

---

[1] The Court entered the CMSO on March 16, 2022; Plaintiff filed the Amended Complaint on March 21, 2022. Docs. 33, 36.

Defendants were certainly aware that Plaintiff filed the Amended Complaint days before the April 1, 2022 deadline and it was easy to anticipate that the short time remaining to move for amendment and to add parties in compliance with the CMSO might be problematic. Further, Defendants filed the stand-alone Amended Counterclaims naming Varsity in May 2022, so Defendants knew about the need to add Varsity to this case since at least that date. Yet Defendants let the deadline lapse and delayed in presenting a motion seeking leave to amend or add parties, which is the only issue before the undersigned.[2] Clearly, with diligence, Defendants could have met—or at least sought to extend—the deadline prior to its expiration. Based on these circumstances, the undersigned finds that Defendants did not act with the required diligence in filing the Motion for Leave to Amend and, therefore, have not demonstrated good cause to modify the scheduling order under Rule 16(b).

The undersigned does not rule on the merits of any argument raised concerning the Motion for Leave to Amend that is also raised and pending with respect to the motions to dismiss. The undersigned simply finds that the Motion for Leave to Amend is untimely and does not satisfy Rule 16(b)(4).

### B. Renewed Motion to Stay

In the Renewed Motion to Stay, Varsity seeks a stay of discovery pending the resolution of its motion to dismiss. Doc. 82. Since the undersigned's denial of Plaintiff's and Varsity's original request to stay, discovery has been propounded, which Varsity now contends is overly broad, irrelevant, costly, and seeks competitive and sensitive information. *Id.* Varsity claims that "[w]hile a substantial number of the Requests are related to the underlying trademark claims, much

---

[2] According to the Motion for Leave to Amend, Defendants filed the request at this late juncture "out of caution" and seem to fully recognize that the substantive arguments are still before the Court with respect to the pending motions to dismiss.

of the burden comes from [Defendants'] overbroad antitrust Requests." *Id*. at 4. Varsity also takes issue with the temporal scope of discovery requests, some of which do not have time limitations and others that date back to 2010 and 2016; Varsity asserts that Defendants previously assured the undersigned at the August 11, 2022, hearing that the period at issue for purposes of discovery was two to three years "at most." *Id*. at 2. Varsity characterizes the two-to-three-years statement as a "misrepresentation" and contends that it establishes good cause for a stay in discovery. *Id*. at 7. Overall, Varsity argues that the discovery at issue is abusive and seeks to stay all discovery that involves Varsity.

Defendants dispute Varsity's argument that Defendants misrepresented to the Court the breadth of the discovery period and asserts that Varsity otherwise fails to show that the extraordinary remedy of a stay is warranted. Doc. 84. Defendants also challenge the substance of Varsity's discovery responses as boilerplate objections and complain that Varsity has "refused to produce documents or information as to each and every discovery response served upon it by Defendants." *Id.* at 11-12. As such, Defendants argue that a stay is unnecessary and "[i]t would be more appropriate for the Court to determine the validity of Varsity's objections to specific requests after the parties conferred rather than stay all discovery." *Id*. at 12.

Upon consideration of the briefing and oral argument on this issue, Varsity's request is due to be granted but only in part. The Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). A motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the

Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)); *see* Middle District Discovery (2015) at (I)(E)(4). The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2015) at (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden"). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id*. at 652-53 (internal quotation marks omitted).

As an initial matter, the undersigned finds that there is no showing that Defendants attempted to mislead the Court with respect to the temporal scope of the discovery requests. Defendants explain in their Response, and maintained at the December 14, 2022 hearing, that Defendants believed that the *antitrust* discovery would be within the last two to three years. Doc. 84 at 5. Defendants state that they were not referring to discovery as a whole when counsel mentioned this timeframe at the previous hearing and Varsity's characterization is inaccurate. *Id*. Indeed, the original motion to stay related only to the antitrust discovery and, therefore, the undersigned is persuaded that the statement at issue was limited to those claims and was not a misrepresentation of the intended scope of all discovery.

Even so, the undersigned agrees that a stay in discovery is warranted at least with respect to Varsity and the antitrust claims. The inclusion of antitrust claims adds another party—Varsity—as a counterclaim defendant that would not otherwise be in this case and significantly expands

discovery. While the undersigned previously recognized the complexity and expense of antitrust actions but still rejected the initial request for a stay (Doc. 77 at 4), the circumstances have changed. Unlike the original motion to stay, Plaintiff does not join in the renewed request and, therefore, the harm that originally weighed against the request for a stay is greatly diminished. *See* Doc. 82. Namely, a stay in discovery with respect to this added party—added solely on the counterclaim—will not cause the same delay in litigation that would occur if Plaintiff sought the same relief. Additionally, the motions to dismiss on the antitrust claims are still pending and so it is no longer the same "early" stage of litigation it was the first time this request was made. Further, the discovery has been served and objections have been made. On this record, the Court can better weigh the burden and expense of the discovery sought to be stayed. As such, Varsity is faced with expansive antitrust discovery—potentially moot if the Court rules in its favor on dismissal—that differs in scope from the discovery Varsity would otherwise be subject to as a third-party on Plaintiff's trademark claims.

But the undersigned is not inclined to stay all discovery as to Varsity. Assuming a preliminary review of Varsity's motion to dismiss reflects that it is clearly meritorious and the antitrust claims against that party are dismissed, Varsity will still be subject to discovery as a third party with respect to the remaining trademark claims. In fact, it appears that such discovery is likely to occur based on the arguments presented in the filings and at the hearings. In other words, the trademark claims will remain regardless of the ruling on the motions to dismiss and will not "eliminate" the need for discovery from Varsity.

Also, the undersigned denied the original request, in part, because of the potential for overlap of the trademark and the antitrust discovery. It appears that some overlap might still exist, which weighs against a stay of *all* discovery as to Varsity. Yet it also seems that the continuation

of discovery as to the trademark claims is more manageable, especially since the renewed request is limited to Varsity.  Likewise, if Defendants survive Varsity's motion to dismiss and the stay is lifted as to the antitrust claims, discovery on those claims has already been propounded, objections have been made, and the parties are in a better position to move through the process quickly, which is quite different from the initial request to stay early in the case.  As such, the undersigned finds a stay in discovery as to Varsity on the trademark claims is not justified and would prejudice the progress of the case, but a stay as to discovery from Varsity on the antitrust counterclaims is appropriate.

### III.   Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Defendants' Motion to Amend (Doc. 78) is **DENIED**;

2. Varsity's Renewed Motion to Stay (Doc. 82) is

    a. **GRANTED in part** to the limited extent that discovery from Varsity on the Amended Counterclaims is **STAYED** pending the Court's resolution of Varsity's pending motion to dismiss.  **On or before December 15, 2022**, Defendants shall identify to Varsity the discovery requests already served on Varsity that Defendants contend are not subject to the foregoing stay.  If any dispute remains after such identification and conferral, the parties may file appropriate motions for the Court's consideration; and

    b. **DENIED** in all other respects.

**ORDERED** in Orlando, Florida on December 15, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE