UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

U.S. ALL STAR FEDERATION, INC.,

    Plaintiff,

v.                                        Case No.: 6:21-cv-2135-WWB-DCI

OPEN CHEER & DANCE
CHAMPIONSHIP SERIES, LLC, THE
OPEN CHEER AND DANCE, LLC,
DAVID OWENS, HEIDI WEBER, JEB
HARRIS and DAVID HANBERY,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff U.S. All Star Federation, Inc.'s ("**USASF**") Motion to Dismiss First Amended Counterclaim (Doc. 60) and Third-Party Counterclaim Defendant Varsity Spirit, LLC's ("**Varsity**") Motion to Dismiss the First Amended Counterclaim (Doc. 61) and the Response (Doc. 65) and Replies (Doc. Nos. 75, 76) thereto.

**I.   BACKGROUND**

USASF is the sanctioning organization for allstar cheerleading in the United States. (Doc. 36, ¶ 1). Since 2004, USASF has been hosting an annual end of the season competition for allstar cheerleading in Orlando, Florida under the mark The Cheerleading Worlds, a federally registered trademark for use in connection with "conducting cheerleading competitions." (*Id.* ¶¶ 14, 16). USASF also alleges that it has a common law trademark for the use of Worlds in connection with cheerleading competitions. (*Id.* ¶¶ 17, 21). In the Amended Complaint, USASF alleges that Defendants, Open Cheer & Dance

Championship Series, LLC, The Open Cheer and Dance, LLC, David Owens, Heidi Weber, Jeb Harris, and David Hanbery, began producing a season-end cheerleading competition also held in Orlando, Florida in April under the name and marks Allstar Worlds and Allstar World Championship. (*Id.* ¶ 29). USASF alleges that Defendants' use of such names and marks has caused consumer confusion regarding USASF's affiliation or connection with Defendants' event. (*Id.* ¶¶ 39–40). As a result, USASF filed a five count Amended Complaint against Defendants alleging claims for state and federal trademark infringement, unfair competition, and civil conspiracy. (*Id.* ¶¶ 48–80).

Defendants Open Cheer & Dance Championship Series, LLC and The Open Cheer and Dance LLC (collectively, "**Open Cheer**") filed an Answer and Counterclaim (Doc. 39) against USASF. Thereafter, Open Cheer filed their First Amended Counterclaims (Doc. 45), asserting claims against USASF and Third-Party Counterclaim Defendant Varsity.[1] As relevant, Open Cheer alleges that USASF requires all its event producing members to sign a Membership Agreement that prohibits members from directly or indirectly affiliating with the Allstar World Championship, including boycotting the Allstar World Championship, Open Cheer, and any event producer that produces qualifying events for the Allstar World Championship. (*Id.* ¶¶ 32–33). Open Cheer also alleges that USASF's Membership Agreement requires event producer members to boycott non-USASF entities, like Open Cheer, and to require teams receiving bids to the

---

[1] Open Cheer's pleading incorrectly labels Varsity as a Counter-Defendant. However, because Varsity is not a named Plaintiff in the Amended Complaint and has not asserted any claims against Open Cheer that can be countered, it is properly labeled a Third-Party Counterclaim Defendant. *See Championship Prop. LLC v. Coan*, No. 20-13728, 2022 WL 4455208, at *4 (11th Cir. Sept. 26, 2022) ("If a defendant asserts claims jointly against a third party *and* the plaintiff, that third party is called a third-party counterclaim defendant." (quotation omitted)).

Cheerleading Worlds from their events to do same. (*Id.* ¶¶ 34–35). Open Cheer alleges that USASF contracts with Varsity to produce the Cheerleading Worlds competition and Varsity owns several event producer members of USASF. (*Id.* ¶¶ 25–26). Open Cheer also alleges that USASF and its Varsity-owned members have engaged in a marketing campaign to encourage consumers to boycott Open Cheer. (*Id.* ¶ 44). As a result, Open Cheer brings claims against USASF and Varsity for violations of the Sherman Act and the Florida Antitrust Act. (*Id.* ¶¶ 47–59). Additionally, Open Cheer seeks a denial and cancellation of certain trademark applications made by USASF. (*Id.* ¶¶ 64–77).

## II.    LEGAL STANDARDS

Courts evaluate motions to dismiss counterclaims under the same standards as a motion to dismiss a complaint. *See Burger King Corp. v. Holder*, 844 F. Supp. 1528, 1529 (S.D. Fla. 1993).

### A.    Subject Matter Jurisdiction

A party may move to dismiss the claims against it for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "Attacks on subject matter jurisdiction . . . come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003). "However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d

1271, 1279 (11th Cir. 2009). "When jurisdiction is properly challenged, a plaintiff has the burden of showing jurisdiction exists." *Kruse, Inc. v. Aqua Sun Invs., Inc.*, No. 6:07-cv-1367-Orl-19UAM, 2008 WL 276030, at *2 (M.D. Fla. Jan. 31, 2008).

### B. Failure to State a Claim

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In determining whether to dismiss under Rule 12(b)(6), a court accepts the factual allegations in the complaint as true and construes them in a light most favorable to the non-moving party. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). Nonetheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III. DISCUSSION

At the outset, USASF argues that the First Amended Counterclaims are procedurally improper. This Court agrees. On April 4, 2022, Open Cheer filed an Answer

4

to Amended Complaint and Counterclaim (Doc. 39), asserting a single count against USASF for denial of its pending trademark applications. Thereafter, on May 17, 2022, without prior leave from the Court, Open Cheer filed the First Amended Counterclaims to add additional claims for antitrust violations and to add Varsity as a Third-Party Counterclaim Defendant. Open Cheer's First Amended Counterclaims, however, are not attached to an answer, and therefore, are not proper under the Federal Rules of Civil Procedure. *See Stone Tech. (HK) Co. v. GlobalGeeks, Inc.*, No. 20-cv-23251, 2021 WL 86776, at *3 & n.4 (S.D. Fla. Jan. 11, 2021) (holding that "it is well-recognized in this Circuit that a counterclaim cannot be independently asserted, but rather must be raised within a Rule 7(a) pleading" and collecting cases).

To the extent that Open Cheer argues that it is unclear if the pleading as to Varsity would be proper under Rule 7(a), which lists a third-party complaint as an allowable pleading, even if Open Cheer's claims as to Varsity are properly treated as a third-party complaint, the First Amended Counterclaims are not proper under Rule 14. "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1). Here, the First Amended Counterclaims were filed over a month after the original answer was filed and Open Cheer failed to seek leave prior to filing. Thus, the filing would also be improper as a stand-alone third-party complaint.

Insofar as Open Cheer asks the Court to consider their Response as a motion for leave to amend, the Court declines to consider such argument. First, the request is made

5

solely in a footnote without citation to legal authority or other basis for granting such relief. "[W]here an argument on the merits has been summarily raised in a footnote, the court may decline to address the argument." *Hill v. Allianz Life Ins. Co. of N. Am.*, No. 6:14-cv-950-Orl, 2014 WL 12617784, at *3 (M.D. Fla. Dec. 5, 2014) (quotation omitted). Second, the deadline for such motions has long passed and Open Cheer fails to address the requirements of Rule 16. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998). Third, the request fails to comply with Local Rule 3.01. And finally, the Court notes that a separate motion was already denied by Magistrate Judge Kidd and Open Cheer did not timely object to that Order. (*See* Doc. 100 at 3–4). Therefore, the Court finds that the First Amended Counterclaims are not properly before it and the filing will be stricken.

Having determined that the First Amended Counterclaims must be stricken, the Answer and Counterclaim once again becomes the operative pleading in this litigation. *See, e.g.*, *Bernard v. Wachovia Mortg. Corp.*, No. 6:13-cv-1044-Orl, 2013 WL 5720303, at *1 n.1 (M.D. Fla. Oct. 21, 2013); *Dinwiddie v. LexisNexis Risk Sols., Inc.*, No. 1:10-CV-3516, 2012 WL 13134459, at *8 (N.D. Ga. Feb. 9, 2012). Therefore, the Court will consider USASF's arguments as to Open Cheer's request for denial of its pending trademark applications.

In the Answer and Counterclaim, Open Cheer alleges a single count against USASF for denial of two pending trademark applications, one for a word mark and one for a design mark, pursuant to 15 U.S.C. § 1119. USASF argues that because the claim involves pending applications—not registered trademarks—the Court lacks jurisdiction. Pursuant to § 1119, "[i]n any action involving a registered mark the court may determine

6

the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." Based on this language, numerous courts have recognized that "[a] prerequisite to a court taking such action is the actual registration of a trademark by the USPTO; not a pending trademark application." *ESR Performance Corp. v. JVMAX, Inc.*, No. 6:18-cv-1601-Orl, 2019 WL 13082967, at *3 (M.D. Fla. May 7, 2019); *see also Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1211 (M.D. Fla. 2005).

Nevertheless, Open Cheer asks this Court to extend jurisdiction under § 1119 to the pending applications because there is "a close nexus" between the pending applications and USASF's claims in the Amended Complaint, which involve a mark registered on the supplemental register. Some courts have held that the exercise of jurisdiction under § 1119 is proper when one of the parties has a registered trademark with a "sufficient nexus" to the pending trademark application that has been put at issue in the litigation. *See, e.g.*, *Restivo v. Pennachio*, No. 21-23388-CIV, 2022 WL 4355764, at *5–6 (S.D. Fla. Sept. 20, 2022); *D.B.C. Corp. v. Nucita Venezolana, C.A.*, 464 F. Supp. 3d 1323, 1331–32 (S.D. Fla. 2020). In such cases, courts have found jurisdiction can exist under § 1119 "over a trademark application as long as that application is sufficiently similar (such as in sound, look, and meaning) to the registered trademark at issue in the underlying litigation." *D.B.C. Corp.*, 464 F. Supp. 3d at 1332.

As an initial matter, even if the exception applies, courts have found that there is not a sufficient nexus between a word mark and a design mark. *See ESR Performance Corp.*, 2019 WL 13082967, at *3 n.4. Open Cheer fails to distinguish this case or to specifically discuss how there would be a sufficient nexus between the registered word

7

mark and the application for registration of the stylized mark. Therefore, regardless of the exception, Open Cheer has failed to allege that its claim for cancelation of the 90/831,007 application is within the jurisdiction of this Court and the claim will be dismissed.

The parties do not appear to dispute, however, that the registered word mark and the pending application for registration of the same word mark on the principal register share a sufficient nexus. Instead, USASF argues that this Court should decline to recognize any exception to § 1119 with respect to the pending trademark applications. In response, Open Cheer cites to several non-binding cases recognizing the exception and argues that the exception applies in this case, but Open Cheer fails to offer any analysis of the language of § 1119 or to state why this Court should recognize the exception in this case. Having reviewed the relevant case law and the plain language of the statute, the Court is not convinced that § 1119 gives it authority to take action regarding a pending application. Section 1119 gives courts authority to take certain action, including the ability to "determine the right to registration" or "rectify the register," "[i]n any action involving a registered mark[.]" 15 U.S.C. § 1119. However, this broad grant of discretion applies only to the "registrations" of a party to the action. *Id.* Because an application for registration is not a registration, it appears that the unambiguous language of the statute forecloses this Court's ability to review and adjudicate applications for registration, regardless of their connection to the registered mark involved in the litigation. In the absence of a compelling argument to the contrary by Open Cheer, this Court declines to recognize an exception to the general rule that it lacks power to act on pending applications for registration. Therefore, Open Cheer's counterclaim will be dismissed in its entirety.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. USASF's Motion to Dismiss First Amended Counterclaim (Doc. 60) is **GRANTED in part** as set forth herein and **DENIED as moot** in all other respects.
2. The First Amended Counterclaims (Doc. 45) is **STRICKEN**.
3. Open Cheer's Counterclaim (Doc. 39) is **DISMISSED without prejudice**.
4. Varsity's Motion to Dismiss the First Amended Counterclaim (Doc. 61) is **DENIED as moot**.

**DONE AND ORDERED** in Orlando, Florida on March 24, 2023.

*/s/ Wendy W. Berger*
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record