# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**U.S. ALL STAR FEDERATION, INC.,**

   Plaintiff,

v.                Case No: 6:21-cv-2135-WWB-DCI

**OPEN CHEER & DANCE
CHAMPIONSHIP SERIES, LLC, THE
OPEN CHEER AND DANCE, LLC,
DAVID OWENS, HEIDI WEBER, JEB
HARRIS, and DAVID HANBERY,**

   Defendants.

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Defendants' Unopposed Motion for Leave to File Under Seal (Doc. 138)** |
| **FILED:** | **December 15, 2024** |
| **MOTION:** | **Plaintiff's Unopposed Motion for Leave to File Under Seal (Doc. 139)** |
| **FILED:** | **December 15, 2024** |
| **MOTION:** | **Plaintiff's Motion for Leave to File Under Seal (Doc. 148)** |
| **FILED:** | **January 3, 2024** |

**THEREON** it is **ORDERED** that the Defendants' Motion (Doc. 138) is **GRANTED IN PART** and Plaintiff's Motions (Docs. 139, 148) are **DENIED**.

Discovery has closed in this case and Defendants have filed a Motion for Summary Judgment. Doc. 135. That motion remains pending along with motions that relate to the experts. Docs. 114, 132, 135. Pending before the Court are the parties' motions for leave to file certain documents under seal. Docs. 138, 139, 148 (collectively, the Motions). The Court will address each in turn.

### A. Standard

The parties file the Motions pursuant to Federal Rule of Civil Procedure 5.2 and Local Rule 1.11. Docs. 138, 139, 148. While the Motions are filed pursuant to Local Rule 1.11, the parties cite to no statute, rule, or other order that authorizes the filing of documents under seal in the instant case. Thus, the filing of documents under seal with the Court is governed by Local Rule 1.11(c), which provides as follows:

> If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. An order permitting leave under this section must state the reason that a seal is required.

Local Rule 1.11(c).

Also, in deciding whether to grant a motion to seal, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am.*

*Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted).

With that said, the "right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause[,] . . . which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). The Eleventh Circuit explained good cause as follows:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

## II.   Discussion

### A.  Defendants' Motion For Leave to Seal (Doc. 138)

In part, Defendants move to seal certain exhibits attached to Plaintiff's Motion to Exclude Testimony of Defendants' Proffered Expert. Doc. 138. Specifically, Plaintiff has filed a Motion to Exclude the Testimony of Danny Woods (Woods) pursuant to Federal Rules of Evidence 702 and 703. Doc. 132. Defendants now move to seal the following two exhibits attached to Plaintiff's request:

- Exhibit C—Woods' Expert Report, which includes a description and assessment of Defendants' financial information such as revenues, expenses, and net income; and

- Exhibit J—Email Correspondence between Defendants' bookkeeper, Ellen Graham (Graham), and Woods discussing detailed financial information regarding Defendants' businesses, accounting, and specific values of certain income and expense line items contained in Defendants' financial statements.

Plaintiff has also filed a Motion to Exclude Testimony of Defendants' Proffered Expert Graham (Doc. 133) and Defendants seeks to seal the following three documents:

- The portion of Exhibit A found at lines 156:19-23 from Graham's deposition transcript where Graham discusses specific financial information and expense values regarding the Defendants' equipment rental costs. Defendants state that the parties have agreed that the remainder of Exhibit A may be filed publicly "subject to certain other redactions agreed upon by the Parties.";

- Exhibit F—an "'administrative reconciliation' spreadsheet" that includes "very detailed" financial information relating to Defendants' administrative expenses, including the precise amounts paid, the transaction type and date, and purpose of the expenses, and Defendants' internal notes relating to these expenses; and

- Exhibit M—Same as Exhibit J to Plaintiff's Motion to Exclude Testimony of Defendants' Proffered Expert Woods.

Also, Plaintiff has moved to exclude the testimony of Defendants' Proffered Expert Rhonda Harper (Harper) (Doc. 134), and Defendants move to seal the following two exhibits:

- Exhibit F—"Confidential draft proposed partnership agreement between Defendants and another entity that discloses Defendants' highly confidential business plans and ideas for a potential partnership with another entity in the industry, none of which is publicly-available information."; and

- Exhibit O—"Defendants' responses to three interrogatories that disclose confidential and proprietary information regarding Defendants' online marketing and business plans, including detailed information regarding website domain names owned by Defendants and Defendants' business plans relating to the use of those domain names."

Doc. 138 at 1-3.

Defendants contend that the filing of the materials is necessary to support Plaintiff's motions and there is "no way" to redact these materials without publicly disclosing at least some of Defendants' financial or proprietary information resulting in "significant risk of injury" and, therefore, redaction or a partial seal will not work. *Id*. at 4, 5. Defendants assert that "[c]ompelling reasons support the sealing of these materials because they provide detailed financial and proprietary information about Defendants, including information regarding business and marketing plans, proposed partnerships, customer sales, prices, revenue, expenses, operating costs, and profit information for the events and services provided by Defendants. Disclosure of this information would cause competitive harm to Defendants." *Id*. at 4. Defendants state that the parties are competitors and if the documents are not sealed then Plaintiff and other competitors will access the information and "damage the Defendants' ability to fairly compete in the market." *Id*.

Defendants claim that the parties' stipulated protective order requires confidentiality and the public's interest in accessing the materials is low given the nature of the expert witness issue. *Id*. at 5-6. As such, Defendants request that the materials at issue remain sealed for 90 days after the matter closes and all appeals are exhausted and represents that Plaintiff consents to the relief. *Id*. at 6.

Upon due consideration, Defendants' Motion to Seal is due to be granted as to all items except Woods' Expert Report and Defendants' interrogatory responses. As to Woods' Expert Report, the Court is not convinced without more that redaction or partial sealing is unsatisfactory. While the document may "*include*" financial information, Defendants' blanket assertion that there is "no way" redaction or partial sealing would be adequate does not convince the Court that the entire report should be sealed. Accordingly, the request is insufficient under Local Rule 1.11(c).

Further, with respect to Defendants' statement that their interrogatory responses contain confidential and proprietary information, Defendants' conclusory statement does not assist the

- 5 -

Court. With no analysis, evidence, or citation to authority, the Court is not convinced that detailed information regarding website domains is "proprietary." *See Rodriguez v. Burgers*, 2021 WL 3017528, at *2 (M.D. Fla. Mar. 24, 2021) ("The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness."); *see also*, *Day v. Barnett Outdoors, LLC*, 2017 WL 10275971, at *3 (M.D. Fla. Aug. 23, 2017) ("Because the commercially sensitive nature of the information is the only basis Barnett provides for nondisclosure, and its conclusory statements fall short of establishing that the information qualifies as proprietary information, it fails to establish good cause for sealing the Modification Timeline.").

The Court otherwise finds that Defendants do demonstrate a compelling justification for sealing the remainder of the documents at issue—Exhibits J, A (the identified portion), M, and the two exhibits identified as F. While the parties' agreement on confidentiality or stipulated protective order is not a basis for sealing, the Court finds that Defendants motion is adequate.[1]

### B. Plaintiff's Motion to Seal Portions of Summary Judgment (Doc. 139)

Defendants have moved for summary judgment (Doc. 135) and Plaintiff seeks to seal certain portions and exhibits attached that motion. Doc. 139. Plaintiff describes the items as follows:

- The full sentence on Page 2 of Defendants' Motion, which was previously filed in partially redacted form as Defendants' first proposed redaction on Page 2;

- The second proposed redaction on Page 4 of Defendants' Motion;

- The proposed redactions on Page 14 of Defendants' Motion;

---

[1] The Court has already granted Defendants' previous request to seal Defendants' Profit and Loss Statements. Doc. 129.

- Pages 80:23-83:5 of Exhibit A to Defendants' Motion;

- Pages 90:10-94:2, 204:23-206:6, and 233:1-239:25 of Exhibit C to Defendants' Motion;

- Pages 33:13-25 and 108:11-109:5 of Exhibit E to Defendants' Motion; and

- Pages 67:1-72:24 of Exhibit G to Defendants' Motion.

Doc. 139 at 1-2. Plaintiff states that the material at issue are excerpts from deposition testimony and discussions of that testimony Plaintiff designated "Attorney's Eyes Only" and "Confidential" under the parties' Confidentiality Agreement. *Id*. at 2. Plaintiff explains:

> More specifically, the testimony relates to confidential financial and business practices of USASF, including details regarding its managerial and financial operations of THE CHEERLEADING WORLDS event. In addition, another excerpt discusses an internal SWOT (Strengths, Weaknesses, Opportunities, Threats) analysis performed by USASF personnel. Other excerpts relate to terms of various agreements that USASF has with third parties to this litigation. None of the foregoing Confidential Material is publicly known or shared because all of this information is competitively sensitive and could be used to the unfair disadvantage of USASF if known by a competitor. Thus, disclosure of this information would cause competitive harm to USASF.

*Id*. at 3.

Plaintiff's vague description and unsupported conclusion, however, do not rebut the presumption in favor of public disclosure. As an initial matter, Plaintiff's designation of the materials as confidential does not sway the Court to rule in its favor. *See Verma v. Mem'l Healthcare Grop. Inc.*, 2017 WL 2727813, at *1 (M.D. Fla. Jan. 24, 2017) (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Notably, an agreement by the parties to seal court documents has no bearing on the public's right of access.").

Further, Plaintiff's statement that the testimony relates to confidential financial and business practices is insufficient. Plaintiff's unsupported assertion that the testimony relates to managerial and financial operations adds nothing to the Court's understanding of what Plaintiff

seeks to seal. *See Proslide Tech. Inc. v. Whitewater W. Indus., Ltd.*, 2023 WL 6464094, at *2 (M.D. Fla. Oct. 4, 2023) (finding that statements that deposition excerpts are confidential does not assist the court and does not adequately describe the items under Local Rule 1.11(c)).[2] The only substantive information Plaintiff includes relates to a "SWOT analysis" but there is no discussion of what that means or why the Court should consider it confidential and seal it from public view under the law.

Notably, Plaintiff points out that Defendants did not agree to redact the excerpts even though they are not cited in the Motion for Summary Judgment. Doc. 139 at 3. Plaintiff states that "Defendants apparently believe that these uncited portions of deposition testimony warrant the Court's consideration, in addition to the portions of testimony actually cited in their Motion for Summary Judgment." *Id*.

The Court finds that this statement highlights the necessity for public disclosure. As one court explained, "[m]otions for summary judgment require judicial resolution of the merits, such that the public's common law interest to inspect and copy judicial records applies." *Rodriguez*, 2021 WL 3017528, at *2 (citing *Chicago Tribune*, 263 F.3d at 1313-14). If the Court grants relief here, then the Court will have considered and perhaps relied upon material not even referenced in the Motion for Summary Judgment to determine the merits of the case. How would the judicial process be secure, and the public be given the opportunity to appreciate events in litigation if there is no record of the evidence the Court used as the basis for its decision? This runs afoul of the common law presumption and cuts against a ruling in Plaintiff's favor.

---

[2] It's a fine line but Defendants' description of the financial information at issue amounts to more than the buzz words that Plaintiff offers. While the Court is left guessing what Plaintiff means by "[o]ther excerpts [that] relate to terms of various agreements that [Plaintiff] has with third parties to this litigation," Defendants describe a specific proposed partnership agreement within the industry which discloses proposed plans for the partnership. *See* Doc. 138 at 3.

### C. Plaintiff's Motion for Leave to File Under Seal Exhibits to its Response to the Motion for Summary Judgment (Doc. 148)

Plaintiff also moves to seal certain exhibits or portions of exhibits to Plaintiff's Response to Defendants' Motion for Summary Judgment. Doc. 148. Plaintiff describes the exhibits as follows:

1. Pages 18:5-14 of Exhibit 2
2. Exhibit 4
3. Exhibit 34
4. Exhibit 37
5. Pages 35:10-20 and 36:11-18 of Exhibit 53
6. Pages 61:1-62:25, 70:18-71:12, and 130:8-131:25 of Exhibit 54
7. Pages 90:10-92:24 of Exhibit 58
8. Pages 157:5-20 of Exhibit 68

*Id*. at 1. Plaintiff states that the exhibits are excerpts from deposition testimony and again asserts that Plaintiff has designated them as "Attorney's Eyes Only" and "Confidential" under the agreement. *Id*. at 2. Plaintiff states that Defendants do not oppose the relief and offers the following information about these excerpts:

> More specifically, the portions of Exhibit 2 identified above relate to terms of an agreement that USASF has with a third party to this litigation, which are not publicly known or shared. Exhibit 4 is a trademark license, the terms of which are not publicly known or shared. Exhibits 34 and 37 are detailed reports containing data belonging to a third party, FloCheer, to which USASF owes a duty of confidentiality. The portions of Exhibit 53 identified above relate to confidential financial and business practices of USASF, including details regarding its managerial and financial operations of THE CHEERLEADING WORLDS event. The portions of Exhibit 54 identified above relates to terms of various agreements that USASF has with third parties to this litigation, which are not publicly known or shared. The portions of Exhibit 58 identified above relate to confidential financial and business practices of USASF, including details regarding its managerial and financial operations of THE CHEERLEADING WORLDS event. The portions of Exhibit 68 identified above relate to terms of an agreement that USASF has with a third party to this litigation, which are not publicly known or shared. All of this information is competitively sensitive and could be used to the

>unfair disadvantage of USASF if known by a competitor. Thus, disclosure of this information would cause competitive harm to USASF.

*Id.* at 2.

Upon due consideration, Plaintiff's request is due to be denied. In general, Plaintiff's description does not assist the Court for the same reasons related to Plaintiff's other motion discussed *supra*. Namely, Plaintiff's conclusory statements that the excerpts at issue contain proprietary information and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness. Generic claims that documents contain proprietary business information that if made public will harm a party are not sufficient. If so, then any business wishing to keep information out of the public eye would simply declare that it is proprietary or confidential and the common law right of inspection would be rendered meaningless.

With respect to Plaintiff's specific claim that Exhibits 24 and 27 are detailed reports containing FloCheer's data, the Court agrees that protecting the privacy and business interests of non-parties can provide good cause to redact certain information from Court filings. *See e.g., Local Access, LLC v. Peerless Network, Inc.*, 2022 WL 17452314, at *1 (M.D. Fla. Dec. 6, 2022) (permitting party to file customer names and other business information under seal); *Toms v. State Farm Life Ins. Co.*, 2022 WL 2953523, at *8 (M.D. Fla. July 26, 2022) (granting a motion to seal exhibits containing private information of third parties); *Aileron Inv. Mgmt., LLC v. Am. Lending Ctr., LLC*, 2022 WL 523549, at * 3 (M.D. Fla. Feb. 22, 2022) ("confidential business information from nonparties . . . presents good cause to seal the exhibits.").

But even though Plaintiff deems the excepts to be "confidential," Plaintiff provides no information on what data is belongs to FloCheer other than to say it is contained in a report. Data

found in a report is not inherently proprietary or confidential and Plaintiff leaves the Court with no real information to balance the request against the public's interest.

Also, under certain circumstances documents relating to trademarks may be sealed, but simply stating that the terms of some trademark licenses are not publicly known or shared is not enough.

Finally, with respect to a less onerous alternative, Plaintiff states the following:

> [Plaintiff] seeks that Exhibits 4, 34, and 37 be sealed in their entirety, as these documents are confidential in their entirety and should be considered by the Court in their entirety in connection with USASF's Response in Opposition to Defendants' Motion for Summary Judgment. Thus, partial sealing or redaction of these exhibits would not be satisfactory.

Doc. 148 at 5.

Again, this statement is meaningless. Telling the Court that something is confidential in the entirety so it should be sealed in the entirety is tantamount to saying it should be sealed because we said so. In sum, Plaintiff's blanket assertions simply do not satisfy Local Rule 1.11.

### III.   Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Defendants' Motion (Doc. 138) is **GRANTED IN PART** to the extent that Plaintiff is directed to file under seal the document identified as Exhibit J to Plaintiff's Motion to Exclude Testimony of Defendants' Proffered Expert Woods; Exhibits A, F, and M to Plaintiff's Motion to Exclude Testimony of Defendants' Proffered Expert Graham; and Exhibit F to Plaintiff's Motion to Exclude Testimony of Defendants' Proffered Expert Harper. The documents shall remain under seal until the 90th day after the date the case is closed, and all appeals are exhausted. The remainder of the Motion (Doc. 138) is **DENIED**; and

2. Plaintiff's Motions (Docs. 139, 148) are **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 16, 2024.

                                                     DANIEL C. IRICK
                                                     UNITED STATES MAGISTRATE JUDGE