# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**U.S. ALL STAR FEDERATION, INC.,**

      **Plaintiff,**

v.                                                     Case No: 6:21-cv-2135-WWB-DCI

**OPEN CHEER & DANCE**
**CHAMPIONSHIP SERIES, LLC et al.,**

      **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Defendants' Partially Unopposed Motion for Leave to File Under Seal (Doc. 157)** |
| **FILED:** | **January 16, 2024** |
| **MOTION:** | **Plaintiff's Unopposed Renewed Motion for Leave to File Under Seal (Doc. 161)** |
| **FILED:** | **January 23, 2024** |
| **MOTION:** | **Defendants' Renewed and Unopposed Motion for Leave to File Under Seal (Doc. 167)** |
| **FILED** | **January 26, 2024** |
| **THEREON** it is **ORDERED** that the motions are **DENIED**. | |

Discovery has closed in this case and Defendants have filed a Motion for Summary Judgment. Doc. 135. That motion remains pending along with motions that relate to experts. Docs. 114, 132-134. Pending before the Court are Defendants' Partially Unopposed Motion for

Leave to File Under Seal (Doc. 157, Defendants' Motion) and the parties' renewed requests for leave to file certain documents under seal. Docs. 161, 167 (collectively the Renewed Motions). The Court will first address the Renewed Motions.

I. Discussion

A. The Parties' Renewed Motions (Docs. 161, 167)

Plaintiff previously moved to seal exhibits attached to its Response in Opposition to Defendants' Motion for Summary Judgment.[1] Doc. 148. By Order dated January 16, 2024, the Court denied Plaintiff's request because, in general, Plaintiff's conclusory statements that the information was proprietary and subject to the parties' confidentiality agreement were meaningless. Doc. 156 at 10. With respect to two of the exhibits, the Court specifically found that Plaintiff provided "no information on what data belongs to FloCheer other than to say it is contained in a report." *Id*. Pending before the Court is Plaintiff's Unopposed Renewed Motion to seal those exhibits with "further detail on the data at issue as well as further explanation on the competitively sensitive nature of this data to FlorCheer's business." Doc. 161.

In the same Order, the Court denied Defendants' request to seal expert Danny Woods' report (the Woods Report) because "the Court [was] not convinced without more that redaction or partial sealing is unsatisfactory." Doc. 156 at 5. Defendants now come back to the Court and request that the Court seal only the unredacted version of the Woods Report to allow the redacted version of the report to be filed publicly. *Id*. at 2.

Upon due consideration, the Renewed Motions are due to be denied. Even though the parties contend that the Renewed Motions are filed pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff identifies these exhibits as (1) the page Bates labeled USASF_0000006 on Exhibit 34 and (2) the page Bates labeled USASF_0001899 on Exhibit 37. Doc. 161 at 1.

5.2 and Local Rule 1.11, the parties essentially seek reconsideration of the Court's January 16, 2024 Order. Reconsideration is an extraordinary remedy and is only granted upon a showing of: (1) an intervening change in law; (2) the discovery of new evidence that was not available at the time the Court rendered its decision; or (3) the need to correct clear error or manifest injustice. *Fla. Coll. Of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotation marks omitted). The Court will not reconsider a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Assn., Inc.*, No. 6:11-CV-1637-ORL-31, 2013 WL 425827, at *1 (M.D. Fla. Feb. 4, 2013) (quoting *American Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration may not be used "to raise arguments, which could and should have been made earlier." *Id.* (quoting *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990)).

Here, the parties renew their requests but fail to cite, let alone meet, the legal standard for reconsideration. The parties do not refer the Court to a change in the law, discovery of new material, or convince the Court that there is a need to correct clear error or a manifest injustice. *See* Docs. 157, 161. And even if the appropriate standard is applied, Plaintiff's desire to provide further detail on the data at issue does not satisfy its burden on reconsideration. Likewise, the Court denied Defendants' previous request to seal the Woods Report as it was insufficient under Local Rule 1.11(c). Doc. 156 at 5. Defendants' pivot to seal only the unredacted version seems like an attempt to end-run the Court's ruling that already addressed the report. In sum, the parties

seek to relitigate the deficiencies in their original requests which is not a basis for the extraordinary relief.

Further, to the extent Defendants' request is not "Renewed" as Defendants themselves characterize it, the Court is still not inclined to grant relief. Defendants explain that the portions of the Woods Report that it would redact and subject to proposed seal are as follows:

1. Charts listing the specific sales and administrative service revenues, cost of goods sold, operating expenses, other expenses, and net income/loss for each event produced by Open Cheer & Dance LLC and for Open Cheer and Dance Championship Series for each year from 2021 to the present;

2. Specific monetary values referenced throughout the Report that reveal specific financial line items from the Defendants' financial statements and operations;

3. A chart comparing the Defendants' revenues, as identified and calculated by Plaintiff's Expert, to the Defendants' revenues that were identified and calculated by Defendants' bookkeeper, Ellen Graham; and

4. A chart reflecting the administrative payments made by Defendants in relation to each event produced by Open Cheer and Dance LLC for each year from 2021 to the present.

Doc. 167 at 2-3.

Defendants argue that "[t]he Confidential Materials are highly sensitive documents that contain detailed financial and proprietary information, the disclosure of which could cause irreparable harm to the Defendants' ability to compete in their relevant markets." *Id*. at 5. Defendants assert that "compelling reasons support the sealing of these materials because they provide detailed financial and proprietary information about Defendants, including specific financial information relating to the events and services provided by Defendants." *Id*. at 3.

In the January 16, 2024 Order, the Court advised the parties that conclusory statements do not assist the Court, and Defendants' renewed argument is more of the same. Doc. 156 at 5-6. Defendants have repeatedly represented to the Court that material is due to be sealed in this case

because it is "proprietary" and "confidential" and have included the same or similar "compelling reasons" paragraph in their filings (*See* Doc. 116, 119, 138), but mere labels do not satisfy Local Rule 1.11.  *See Aldora Aluminum & Glass Prods. v. Poma Glass & Specialty Windows, Inc.*, 2016 WL 7666128, at *2 (M.D. Fla. June 13, 2016) ("Defendant's blanket assertion that the filings contain confidential business and/or financial information does not show good cause for sealing the filing."); s*ee also Rodriguez v. Burgers*, 2021 WL 3017528, at *2 (M.D. Fla. Mar. 24, 2021) ("The Defendant's conclusory statement that the documents at issue contain proprietary information, trade secrets, and are subject to protection under the parties' confidentiality agreement falls short of rebutting the presumption in favor of openness."); *see also*, *Day v. Barnett Outdoors, LLC*, 2017 WL 10275971, at *3 (M.D. Fla. Aug. 23, 2017) ("Because the commercially sensitive nature of the information is the only basis Barnett provides for nondisclosure, and its conclusory statements fall short of establishing that the information qualifies as proprietary information, it fails to establish good cause for sealing the Modification Timeline.").

At first blush, Defendants' description of the items at issue seems to provide more substance than past filings, but phrases and words like "specific monetary values," "administrative payments," revenues, and costs do not establish good cause.  The Court acknowledges that the items are "financial" in nature, but that characteristic alone does not overcome the presumption of openness.[2]  *See Ward v. Ezcorp, Inc.*, 2016 WL 7666133, at *1 (M.D. Fla. Feb. 29, 2016)

---

[2] As explained in the January 16, 2024 Order, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records."  Doc. 156 (citing *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).  This common law right "is instrumental in securing the integrity of the [judicial] process."  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often

("Claiming a document is 'sensitive' or proprietary is not enough to establish that this information is a trade secret. If the only thing necessary to secure a seal were a mere declaration that a document is confidential, no judicial review would be needed and the open docket would be bare, indeed.").

Based on the foregoing, the parties have not persuaded the Court that the renewed requested relief is warranted.

B. <u>Defendants' Motion (Doc. 157)</u>

Defendants also move to seal certain exhibits attached to Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment. Doc. 157. Specifically, Defendants seek to seal the following:

1. Exhibits 113-116: These exhibits are the individual Defendants' interrogatory responses that disclose: (1) the amount of money each individual has made from their involvement in the Open Cheer entities; (2) the amount of money each business entity owned by the individual Defendants made as a result of their involvement in Open Cheer; and (3) the revenue brought in by each of the individual Defendants' entities as a result of awarding bids to Open Cheer events.

2. Exhibit 16: This exhibit is a substantial vendor royalty payment statement that contains detailed confidential financial information regarding one of Defendants' business partnerships with a key vendor, including the number of items ordered, cost per item, royalty percentage, total payment to the vendor, and total royalties received by Defendants.

3. Exhibits 64, 87-88, 99, and 126: These exhibits are email communications between and among Defendants' owners regarding brainstorming sessions and strategic visions about the future of cheerleading and visionary products and services that could potentially be offered by Defendants in the future.

4. Exhibits 64, 87-88, and 99 are all emails from the summer of 2020 when the individual Defendants were envisioning the creation of the Allstar World Championship and brainstorming strategies, business plans, and creative solutions for deficits they saw in the industry. Exhibit 126 is an email by

---

significant events at issue in public litigation and the workings of the legal system.'") (citation omitted).

> individual Defendant David Hanbery to the rest of the individual Defendant group in July 2021 that identifies "two major issues in the sport" of cheerleading and then goes on to propose and discuss very specific solutions that the Defendants could implement someday in the future to address those two main issues. While some of the Defendants' ideas and proposals discussed in these emails have been implemented in the Allstar World Championships, many of the other creative and unique ideas that are written in the emails have not yet been executed and are still in the development and brainstorming stage, and thus, these highly confidential and proprietary ideas continue to have very substantial value to the Defendants specifically because of their secrecy. Releasing these emails to the public would destroy any competitive advantage the Defendants have because it would place all the Defendants' creative and as-yet-unimplemented concepts directly in the hands of the Defendants' direct competitors (including Plaintiff).

Doc. 157 at 1-3.

Defendants state that the Motion is partially unopposed as Plaintiff only objects to the request to seal Exhibits 64 and 99. Doc. *Id*. at 4. Plaintiff has since filed a response and clarifies that Defendants are mistaken because the opposition extends to Exhibits 64, 87, 88, and 99. Doc. 168 at 2. Even though Plaintiff's opposition is only partial, Defendants' Motion is due to be denied in the entirety.

As an initial matter, Defendants' Motion closely mirrors Defendants' previous requests to seal documents that the Court has rejected as inadequate. *See* 116, 119, 138. Again, reiterating to the Court that "compelling reasons" exist and there is "no way" to redact documents without disclosure of sensitive financial information is not enough. *See* Doc. 156.

Further, with respect to the items Plaintiff does not oppose—Exhibits 16, 113-116—there is no indication from either Defendants or Plaintiff as to why the exhibits need to be filed. Local Rule 1.11(c) requires a motion for leave to file under seal to include the reason filing the item is necessary. Defendants do not adequately address this requirement and Plaintiff's response stating its lack of opposition adds nothing.

Also, Local Rule 1.11(c) states that the motion must include a legal memorandum supporting the seal. While Defendants cite in general to law related to the sealing of information regarding a party's products, they refer the Court to no authority, nor do they include a helpful analysis to support their proposition that an exhibit should be kept from public access because it includes the amounts of money individuals have made or reflects royalty statements. As such, Defendants' Motion is inadequate.

Finally, the Court agrees with Plaintiff that Defendants should not prevail with respect to the email communications found in Exhibits 64, 87-88, 99, and 126.[3] Plaintiff argues that there is nothing in the exhibits to be considered confidential three to four years after the establishment of the event and "[e]ither Defendants adopted the proposed event structure, protocols, and rules discussed in the emails, in which case the public is aware that the event is run in this manner and subject to these rules, or Defendants did not adopt these proposals, in which case they are stale and undeserving of sealing from the public record." Doc. 168 at 2.

The Court agrees. The Eleventh Circuit's good cause standard requires a balance of the right to public access against the interest in keeping the information confidential. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007). The Eleventh Circuit explained good cause as follows:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

---

[3]Plaintiff does not oppose the request to file Exhibit 126 under seal although it is an email like the other exhibits. Doc. 168. Even so, the Court finds the request for relief is due to be denied for the other reasons stated in this Order.

whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

Here, Defendants' communications from years ago regarding what "could potentially be offered" and "could [be] implement[ed] someday in the future" does not demonstrate a likelihood of injury if the emails are made public. *See ECP East LLC v. Robert C. Nucci, MD, LLC*, 116527 at *3 (M.D. Fla. Aug. 19, 2014) (finding that the parties' "desire" to file under seal an agreement is "at best, speculative.") (citing *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5874584, at *2 (M.D. Fla. Oct. 31, 2013) ("Good cause is established by showing that disclosure will cause 'a clearly defined and serious injury.'")). And the Court reminds that parties that even if it did seal the items requested, "No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted." Local Rule 1.11(f). As such, Defendants are not entitled to relief.

## II. Conclusion

Based on the foregoing, it is **ORDERED** that:

1. Defendants' Partially Unopposed Motion for Leave to File Under Seal (Doc. No. 157) is **DENIED**;

2. Plaintiff's Unopposed Renewed Motion for Leave to File Under Seal (Doc. No. 161) is **DENIED**; and

3. Defendants' Renewed and Unopposed Motion for Leave to File Under Seal (Doc. No. 167) is **DENIED**.

**ORDERED** in Orlando, Florida on February 5, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE